The Van DANG, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–75164.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 14, 2010.*

Filed Jan. 4, 2011.

Sin Yen Ling, Esquire, Asian Law Caucus, San Francisco, CA, for Petitioner.

Anthony Cardozo Payne, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

The Van Dang, a native and citizen of Vietnam, petitions for review of the Board of Immigration Appeals' ("BIA") order sustaining the government's appeal from an immigration judge's ("IJ") decision granting his application for a waiver of inadmissibility under former section 212(c) of the Immigration and Nationality Act. We have jurisdiction under 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law, *Vargas–Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir.2007), and we deny the petition for review.

Contrary to Dang's contention, the BIA did not exceed its regulatory authority by engaging in its own fact-finding or conducting a de novo review of the IJ's factual findings, but rather properly reviewed de novo whether to grant relief as a matter of discretion. *See* 8 C.F.R. § 1003.1(d)(3)(ii) ("The Board may review questions of . . . discretion . . . de novo.").

Dang's contention that the BIA violated due process by failing to consider evidence of his rehabilitation fails because he has not overcome the presumption that the BIA did review the record. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir.2000) (petitioner cannot overcome presumption of record review by pointing out that the BIA did not specifically mention certain evidence).

Dang's contention that the BIA violated due process by mischaracterizing the facts concerning his mother's and his children's deaths fails for lack of prejudice. *See Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir.2010) (petitioner must show prejudice to prevail on a due process claim). His contention that the BIA mis-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

characterized the facts concerning past acts of violence is unsupported by the record.

Finally, Dang's contention that the BIA acted ultra vires by ordering him removed instead of remanding to the IJ for entry of an order of removal is foreclosed by *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir.2007) (en banc) (where the IJ makes a finding of removability before granting relief, that finding constitutes an order of removal, and the BIA's reversal of relief simply reinstates the IJ's order).

**PETITION FOR REVIEW DENIED.**